## Richmond.

### THE TOWN OF CLIFTON FORGE v. THE BRUSH ELECTRIC COMPANY AND OTHERS.

#### NOVEMBER 21, 1895.

1. MUNICIPAL COUPON BONDS—*Holder for Value Without Notice—Defence of Ultra Vires.*—Although negotiable coupon bonds of a municipal corporation, or the proceeds of such bonds, may have been used to discharge an *ultra vires* contract of the corporation, this defence cannot be set up by the corporation against a *bona fide* holder for value of such bonds, acquired before maturity, without notice of such defence. If the corporation had power to execute the bonds, and the power has been executed in a lawful manner, and the bonds are free from condition, and exhibit all the requisite features of negotiability, the *bona fide* purchaser of such bonds, for value, acquires good title.

Argued at Staunton.    Decided at Richmond.

Appeal from a decree of the Circuit Court of Alleghany county, pronounced August 28, 1894, in a suit in chancery wherein the appellant was the complainant, and the appellees were the defendants.

*Affirmed.*

The facts of this case are very similar to those in the next preceding case, but, so far as different, are set forth in the opinion of the court.

*Benjamin Haden,* for the appellant.

*R. L. Parrish,* for the appellees.

HARRISON, J., delivered the opinion of the court.

The questions arising in this case are similar to those pre-
sented in the case of *The Town of Clifton Forge* v. *The
Alleghany Bank*, decided at the present term of this court.
In this case, as in that, the chief point relied on is that a
certain contract dated November 26, 1892, by which the town
of Clifton Forge became the owner of a controlling interest in
the stock of the Electric Light and Power Company, is *ultra
vires* on the part of the town, and that the bonds issued by the
town to pay for its interest in that company are null and void.
The Brush Electric Company, of Cleveland, Ohio, held a
mortgage on the plant of the Clifton Forge Electric Light
Company, to secure a certain debt for machinery furnished by
it to the Clifton Forge Electric Light Company, and was
threatening to foreclose the mortgage unless paid. A corres-
pondence ensued between the president of the Electric Light
Company, who was also the town treasurer, and the Brush
Electric Company, in which the latter company was informed
that the Electric Light Company had $2,500 of town bonds,
which they had been trying to sell, in order to apply the pro-
ceeds to the debt of the Brush Electric Company. The re-
sult of this correspondence was an agreement on the part
of the Brush Electric Company to take the $2,500 of
bonds as collateral security, and endeavor to sell them at par,
and apply the proceeds to their debt, and in consideration to
give the Electric Light Company six months' further time on
the amount due, and to extend it further credit for articles
then needed. In pursuance of this agreement the $2,500 of
town bonds were delivered to the Brush Electric Company.

It is unnecessary to decide whether the contract now sought
to be repudiated by the town is *ultra vires* or not, for if it
were the appellant would not be entitled to the relief sought.
The contract was completely executed by the Electric Light

Company, and the town accepted it, and under it took possession of the electric light plant, paid a large part of the amount due in money, and delivered $2,500 of its bonds to the Electric Light Company in payment of the balance. These bonds were, for value received, delivered by the Electric Light Company to the Brush Electric Company, of Cleveland, Ohio, the appellee here.

The bonds are free from conditions of every kind, exhibiting all the requirements of negotiability, and are negotiable instruments, with all of the incidents attaching to such paper. The evidence shows that the Electric Company was the *bona fide* holder of the bonds, for value, before maturity, and without any knowledge of the contract between the town and the Electric Light Company, and without any notice of the objections now made to their validity. Under these circumstances, the town, having full power to issue the bonds, and having exercised that right in a lawful manner, cannot now question the title of the appellee to the $2,500 of bonds held by it.

It is insisted that the contract being for the payment of $5,000 in money to the Electric Light Company, the town treasurer had no right to deliver the bonds, but could only sell the bonds and pay the money. If the town treasurer had the authority to sell the bonds and pay the proceeds to the company, he had the power to deliver the bonds, if the company was willing to accept them.

For the foregoing reasons we are of opinion that the decree complained of is right, and must be affirmed.

*Affirmed.*